```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


DARRELL LOCKETT,                    :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :
                                    :   CIVIL ACTION 12-0427-M
MICHAEL J. ASTRUE,                  :
Commission of Social Security,      :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22). Oral argument was waived in this action (Doc. 21). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

1

Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-three years old, had completed a high school education (Tr. 30), and had previous work experience as a machine operator, a security guard, and a grinder (Tr. 30-32). In claiming benefits, Plaintiff alleges disability due to hypothyroidism, hypertension, osteoarthritis, and back pain (Doc. 12).

The Plaintiff protectively filed an application for disability insurance benefits on April 20, 2009 (Tr. 106-12; *see* Tr. 12). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform his past relevant work, Lockett was capable of performing specified light work jobs (Tr. 12-22). Plaintiff requested review of the hearing decision (Tr. 7) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not

2

supported by substantial evidence.  Specifically, Lockett alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of his treating physician; and (2) the ALJ did not state what weight he gave to some of the evidence (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 17).  The relevant evidence of record follows.[1]

On October 21, 2008, Lockett was seen at the Marion Clinic, complaining of weight gain, leg swelling, and lower back discomfort; lab results demonstrated Iatrogenic hypothyroidism (Tr. 212; *see generally* Tr. 203-67).  On November 5, Plaintiff indicated that his back pain was better; his fatigue had improved with medication (Tr. 209).  Lockett declined the doctor's suggestion of physical therapy.  On December 8, Plaintiff was noted to have very slight leg edema (Tr. 206).  On January 27, 2009, Lockett complained of having low back pain when he lies down, asserting that the pain was ten on a ten-point scale; tenderness was noted over L4-5 (Tr. 204-05).

X-rays taken on April 4, 2008 at Vaughan Regional Medical Center demonstrated that heart size and pulmonary vascular caliber were normal; there was no pulmonary infiltrate (Tr. 274; *see generally* Tr. 268-86).  A thyroid scan and uptake revealed that the thyroid gland was grossly normal in size; no focal area

---

[1]Plaintiff has asserted disability as of February 26, 2009 (Tr. 106), so the Court will not review the evidence that precedes that date by an extended period of time.

of increased or decreased uptake was present (Tr. 276).  An ultrasound showed "[m]ild enlargement of the thyroid gland with increased vascularity and heterogeneity which may be related to the patient's underlying history of thyroiditis" (Tr. 279).  On October 21, 2008, an x-ray of the lumbar spine demonstrated normal alignment with vertebral body heights and disk spaces maintained (Tr. 281).  Chest x-rays on December 8 were normal (Tr. 283).  Lumbar spine x-rays on January 27, 2009 were normal (Tr. 285).

On June 12, 2008, Dr. Jorge A. Pino, of Diabetes and Endocrinology Associates, examined Plaintiff, finding him in no acute distress; his impression was Hyperthyroidism, Graves' type (Tr. 291-92; *see generally* Tr. 287-300).  Lockett underwent a radioactive iodine treatment, following which he was stable and doing well (Tr. 293).  It was reported on October 14 that Plaintiff had become hypothyroid for which he was being treated and, as of March 31, 2009, was doing better (Tr. 294-96).

On June 3, 2009, Lockett was examined by Dr. Sumathi Puttu at the UAB Selma Family Medicine Center; Plaintiff complained of low back pain, at a level of eight on a ten-point scale, which radiated into his thigh and posterior leg (Tr. 310-18).  Lockett noted that his symptoms were exacerbated by bending, lifting, and changing positions although they were relieved by medication; he also noted numbness and weakness.  Plaintiff

4

listed Lortab[2] and Flexiril[3] among his current medications.  Dr. Puttu noted numbness in Lockett's right upper extremity and lower extremities though he was in no acute distress; motor strength was symmetrical with no obvious weaknesses.  The doctor noted full strength in Plaintiff's fingers, hands, wrists, elbows, and shoulders; there was no tenderness, instability, or weakness in the cervical and thoracic spine although there was tenderness and restricted range of motion in the lumbosacral spine secondary to pain.

A physical residual functional capacity (hereinafter *RFC*) was completed on June 10, 2009 by Dr. Robert Heilpern who reached his conclusions by reviewing the record evidence available at that time (Tr. 319-26).  The Non-examiner determined that Lockett could occasionally lift and carry fifty pounds and frequently lift and carry twenty-five pounds; he could also stand, walk, and sit for six hours, each, during a workday.  Plaintiff would be able to use hand or foot controls.  Although Lockett would never be able to climb a ladder, rope, or scaffolds, he could frequently climb stairs, balance, stoop, kneel, crouch, and crawl.  It was Dr. Heilpern's opinion that he

---

[2] **Error! Main Document Only.***Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

[3] **Error! Main Document Only.**Flexeril is used along with "rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions." *Physician's Desk Reference* 1455-57 (48th ed. 1994).

5

should not work at unenclosed heights.

On September 7, 2010, Lockett was examined by Psychologist Donald W. Blanton who noted that his thoughts and conversation were logical (Tr. 334-38).  On the Wechsler Adult Intelligence Scale, IV, Plaintiff scored a full scale IQ of 69; this corresponds to the mild range of mental retardation.  Blanton indicated that Lockett had a moderate level of depression.  It was the Psychologist's opinion that Plaintiff had marked limitations in his ability to understand, remember, carry out, and use his judgment in following detailed or complex instructions.

On September 29, 2009, Dr. Glenton Davis noted that Plaintiff's vital signs were stable, his abdomen was benign, and his extremities were stable (Tr. 347; *see generally* Tr. 344-48).  The diagnosis was goiter, hypothyroidism, and osteoarthritis; Naprosyn[4] was prescribed.  On May 19, 2010, Lockett's blood pressure was 160/100 (Tr. 346).  On July 20, vital signs were stable, cardiovascular was normal, the abdomen was benign, and extremities were stable (Tr. 345).  On November 8, Dr. Davis wrote a letter in which he stated that Lockett had a "history of hypertension, hypothyroidism, and osteoarthritis, which is

---

[4]**Error! Main Document Only.***Naprosyn*, or *Naproxyn*, "is a nonsteroidal anti-inflammatory drug with analgesic and antipyretic properties" used, *inter alia*, for the relief of mild to moderate pain. *Physician's Desk Reference* 2458 (52nd ed. 1998).

6

getting progressively worse" (Tr. 349).  The doctor noted that he prescribed Naprosyn and had recently added hydrocodone[5] and Flexeril to help with pain.  Davis said that Lockett was one hundred percent disabled, completing a physical medical source statement that indicated that Plaintiff was capable of sitting, standing, and walking for one hour each during an eight-hour workday; he would be able to lift and carry no more than five pounds.  Lockett should avoid dust, fumes, gasses, temperature extremes, humidity, and other environmental pollutants.  It was the Doctor's opinion that Plaintiff should only occasionally use arm or leg controls, engage in either gross or fine manipulation, and operate motor vehicles; he could only rarely climb, balance, bend, stoop, or reach.  Lockett would be totally restricted from working with or around hazardous machinery.  Davis expressed the opinion that Plaintiff's impairments would cause him to miss work more than three times a month.  Dr. Davis also completed a pain form in which he expressed the opinion that Lockett's pain would distract him from adequately performing daily activities and that physical activity would increase his pain so as to distract him or cause him to abandon his task; the Doctor also found that his medications would cause significant side effects, limiting his effectiveness (Tr. 352).

---

[5] **Error! Main Document Only.** *Hydrocodone* is used "for the relief of moderate to moderately severe pain."  *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

On December 15, 2010, Plaintiff complained of some pain and stiffness daily; nevertheless, the examination was normal (Tr. 354). On February 2, 2011, Plaintiff was again suffering from pain and stiffness; vital signs were stable, lungs were clear, and the abdomen was stable, though there was a breakout of eczema (Tr. 353). On February 14, Davis completed another physical medical source statement and pain form that nearly mirror the forms he had completed on November 3, 2010 (Tr. 355-56; *cf.* Tr. 351-52).

   The ALJ reviewed the evidence of record and determined that Lockett had severe impairments of hypothyroidism, hypertension, and osteoarthritis that would prevent him from performing his past relevant work, but that he would still be able to perform a reduced range of light work (Tr. 14-19). In reaching that decision, the ALJ discounted Plaintiff's testimony, finding it inconsistent with the other evidence of record (Tr. 19); the Court notes that this finding has not been challenged in this action. The ALJ also discounted the opinions of Dr. Davis (TR. 18). Relying on the testimony of a vocational expert, the ALJ listed specific jobs that Plaintiff could perform existing in the national economy (Tr. 20).

   In bringing this action, Plaintiff first claims that the ALJ did not properly consider the opinions and conclusions of his treating physician. Lockett specifically refers to the

8

evidence provided by Dr. Glenton W. Davis (Doc. 13, pp. 4-6). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[6] *see also* 20 C.F.R. § 404.1527 (2012).

The ALJ reviewed the evidence provided by Dr. Davis and his conclusions as to what the evidence meant, but gave it "little weight because it [was] not supported by the objective medical evidence; it [was] inconsistent with other substantial medical evidence of record of the claimant; multiple prior X-rays (Exhibit 3F); and the findings and observations contained in Exhibit 8F do not support his opinions" (Tr. 18).

The Court finds substantial support for the ALJ's determination that Davis's opinions should be given little weight.  The Court first notes that Lockett's complaint that the ALJ did not accord him treating doctor status, referring to him instead as a "consultative examiner," is, at most, harmless error.  The ALJ reviewed all of the doctor's medical notes and forms included in the record (Tr. 17, 18; *cf.* Tr. 344-56).  Dr.

---

[6]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

9

Davis's medical notes, however, do not support the extreme limitations—and 100% disability—suggested by him. There is no objective medical evidence in this record that supports Davis's conclusions. The Court notes that medical records from Vaughan Regional Medical Center demonstrated normal heart and pulmonary function, normal chest and lumbar spine x-rays, and only a mild enlargement of the thyroid gland (Tr. 268-86). Furthermore, the results of a thorough medical examination by Dr. Sumathi Puttu belie Davis's conclusions (Tr. 310-18). Specifically, although Puttu found some numbness in Lockett's right upper extremity and lower extremities, he had full strength in his fingers, hands, wrists, elbows, and shoulders; although there was tenderness and restricted range of motion in the lumbosacral spine secondary to pain, Plaintiff told him that his medications relieved his symptoms. The Court finds no merit in Lockett's claim that the ALJ did not properly consider the conclusions of his treating doctor.

Plaintiff next claims that the ALJ did not state what weight he gave to some of the evidence. More specifically, Lockett asserts that the report by Dr. Puttu is not signed and should be disregarded; Plaintiff further complains that the ALJ did not explain what weight he gave Dr. Puttu's opinion as a non-examining physician (Doc. 13, pp. 6-7).

The Court finds that Dr. Puttu's report was electronically

10

signed and meets the requirements implemented by the Social Security Administration.  *See* POMS § DI 26510.089(A)(4) ("Each medical assessment form must have a reviewing Medical Consultant's actual physical signature or an approved electronic signature").[7]

Plaintiff has also pointed to *Vuxta v. Commissioner of Social Security*, 194 Fed.Appx. 874 (11th Cir. 2006) for the holding that because he did not rely on the conclusions of the treating physician, the ALJ had to explain what weight he gave to the non-examining physician (Doc. 13, p. 7).  While Lockett's citation of law is correct, its application is misplaced here as Dr. Puttu was an examining doctor.  While the ALJ did not cite specifically what weight he was giving to Puttu's conclusions, he gave it more than Dr. Davis's as he relied on Puttu's examination to discredit the conclusions of the treating physician.  The Court notes that the ALJ stated that he gave great weight to the opinion of the nonexamining physician (Tr. 17).  Plaintiff's claim is without merit.

Lockett has raised two different claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[7]*See* https://secure.ssa.gov/apps10/poms.nsf/lnx/0426510089 (visited on February 14, 2013).

11

conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 14th day of February, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
